UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KURT ANTHONY BISHOP,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-CV-0031-CVE-SAJ |
| ) | |
| **LONG TERM DISABILITY INCOME** ) | |
| **PLAN OF SAP AMERICA, INC., an** ) | |
| **ERISA qualified plan administered by** ) | |
| **SAP AMERICAN, INC., LIFE** ) | |
| **INSURANCE COMPANY OF NORTH** ) | |
| **AMERICA, and CIGNA,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Leave to Supplement Response to Defendant's Opening Brief on the Merits and for a Stay Until the Social Security Administration's Decision (Dkt. # 30). Plaintiff seeks leave to amend its opening brief with a new decision from the Social Security Administration ("SSA") relating to plaintiff's eligibility for disability benefits under sections 216(1) and 223(a) of the Social Security Act. Defendant, Life Insurance Company of North America ("LINA"), objects to plaintiff's motion on the ground that it is inappropriate for the Court to consider evidence that was not available to defendant when it made its termination decision.

After paying Long Term Disability ("LTD") benefits to plaintiff from December 26, 2001 to September 25, 2003, defendant terminated those benefits. In reaching its decision to cease paying benefits, defendant relied upon, inter alia, a decision by the SSA, issued March 15, 2002, denying plaintiff disability benefits under the Social Security Act. Plaintiff filed this action January 14, 2004 under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(a) et seq., challenging defendant's decision to terminate LTD benefits to plaintiff. Plaintiff also subsequently

appealed the SSA's 2002 denial of disability benefits, and an Adminsitrative Law Judge for the SSA held a hearing May 31, 2005 to consider plaintiff's appeal. Plaintiff seeks leave to include the findings from that 2005 hearing in the opening brief he submitted in this action.

When reviewing, pursuant to 29 U.S.C. § 1132(a), a plan administrator's decision to refuse or terminate benefits, a court may only consider the arguments and evidence before the administrator at the time it made that decision. See, e.g., Sandoval v. AETNA Life & Casualty Insurance, Co., 967 F.2d 377, 380 (10th Cir. 1992); Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2d Cir. 1995) (reviewing cases and noting that "most circuits have declared that in reviewing decisions of plan fiduciaries under the arbitrary and capricious standard, district courts may consider only the evidence that the fiduciaries themselves considered.").[1]  In light of this well-established rule governing supplementation of the administrative record after a decision by a plan administrator,[2] plaintiff's request to supplement his opening brief with the SSA's 2005 decision is **denied**. Plaintiff's request for a stay pending the SSA's decision is also **denied**.

**DATED** this 28th day of July, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] The rule regarding the consideration of evidence outside of the administrative record differs in cases where a de novo standard of review is appropriate. See, e.g., Hall v. UNUM Insurance Company of America, 300 F.3d 1197, 1200-1201 (10th Cir. 2002). Neither party suggests that a de novo standard is applicable in this case.

[2] Plaintiff's motion to supplement its opening brief is a request to supplement the administrative record, inasmuch as it attempts to provide additional information for this Court to consider in determining the appropriateness of defendant's decision to terminate plaintiff's benefits.