# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KURT ANTHONY BISHOP,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 04-CV-0031-CVE-SAJ |
| | ) |
| **LONG TERM DISABILITY INCOME** | ) |
| **PLAN OF SAP AMERICA, INC., an** | ) |
| **ERISA qualified plan administered by** | ) |
| **SAP AMERICAN, INC., LIFE** | ) |
| **INSURANCE COMPANY OF NORTH** | ) |
| **AMERICA, and CIGNA,** | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Reconsider Pursuant to FRCP 59(e) with Opening Brief in Support (Dkt. # 42). Plaintiff asks the Court to amend its Opinion and Order affirming defendants' termination of his long term disability benefits (Dkt. # 40). A Rule 59(e) motion to alter or amend the judgment, sometimes referenced as a motion "to reconsider,"[1] is warranted where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citation and quotation marks omitted); see Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's

---

[1] "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991).

position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." 204 F.3d at 1012.

In its March 2, 2006 Opinion and Order, the Court concluded that defendants' decision to terminate plaintiff's disability benefits was not arbitrary and capricious, was reasonable, and was based on substantial evidence. Plaintiff has submitted nothing in his Rule 59 motion to establish the impropriety of that determination. Since plaintiff has not presented evidence of newly discovered law or facts and has failed to establish either clear error or a need to correct manifest injustice, the Court's March 2, 2006 Opinion and Order stands.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reconsider (Dkt. # 42) is hereby **denied**.

**DATED** this 4th day of April, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT