UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KURT ANTHONY BISHOP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-0031-CVE-SAJ |
| | ) | |
| **LONG TERM DISABILITY INCOME** | ) | |
| **PLAN OF SAP AMERICA, INC., an** | ) | |
| **ERISA qualified plan administered by** | ) | |
| **SAP AMERICAN, INC., LIFE** | ) | |
| **INSURANCE COMPANY OF NORTH** | ) | |
| **AMERICA, and CIGNA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Appeal of Clerk's Taxation of Costs (Dkt. # 63). On July 24, 2007, the Clerk of Court denied plaintiff's bill of costs (Dkt. # 53) by minute order and cited Fed. R. App. P. 39 as the basis for the denial of costs. Plaintiff appeals the Clerk of Court's denial of costs and asserts that he should be considered a prevailing party for the purpose of awarding costs under Fed. R. Civ. P. 54(d).

### I.

On January 14, 2004, plaintiff filed a complaint alleging that Life Insurance Company of North America ("LINA"), his disability insurer, violated the Employee Retirement Income Security Act of 1974 ("ERISA") when it denied plaintiff's claim for long term disability ("LTD") benefits. The Court ruled that LINA acted within its discretion under the long term disability plan when it denied plaintiff's claim for LTD benefits, because there was substantial evidence supporting LINA's conclusion that plaintiff could perform the essential tasks of his occupation. When reaching this decision, the Court found that LINA acted reasonably when it adopted the Department of

Transportation's ("DOT") definition of "technology consultant" to determine the essential tasks of plaintiff's job. Plaintiff objected to LINA's use of the DOT job description, because the DOT definition of "technology consultant" omitted a travel requirement. The Court found that this was not relevant, because plaintiff did not present any evidence that his job required him to travel. Plaintiff moved for reconsideration of the Court's Opinion and Order, but the Court denied that motion.

Plaintiff appealed this Court's decision to the Tenth Circuit Court of Appeals. The Tenth Circuit remanded the case with instructions to remand the case to LINA for further proceedings. Specifically, the case was remanded to LINA to consider "whether travel was an essential job duty for Bishop's technology consultant position at the time of his termination." Dkt. # 51, at 8. However, the Tenth Circuit affirmed this Court's denial of plaintiff's motion to reconsider, because plaintiff had not presented a valid basis for reconsideration under Fed. R. Civ. P. 59(e). Consistent with the Tenth Circuit's instructions, this Court vacated its judgment denying plaintiff's ERISA claim and remanded the case to LINA to consider whether travel was an essential duty of plaintiff's employment. Dkt. # 52.

On June 19, 2007, plaintiff filed a bill of costs to recover court costs and copying expenses in the amount of $1,429.41.[1] This amount included costs for proceedings before this Court and appeal-related costs.[2] LINA objected to plaintiff's bill of costs on the grounds that plaintiff was not

---

[1]   In addition, plaintiff has filed a motion for attorney's fees (Dkt. # 54), but that motion has been referred to Magistrate Judge Paul J. Cleary.

[2]   The total costs include $605 in filing fees and $824.41 in copying costs. The district court filing fee was $150 and the appellate filing fee was $455. All of the copying costs, with the exception of $96.53 in 2004, appear to be related to the appellate proceedings only.

a prevailing party and that costs were not authorized under Fed. R. App. P. 39(a)(4). On July 24, 2007, the Clerk of Court denied the bill of costs pursuant to Fed. R. App. P. 39, and plaintiff has asked the Court to review the denial of his bill of costs.

**II.**

In civil cases, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). "The apparent intendment of Rule 54(d) is that the prevailing party is presumptively entitled to costs, and that it is incumbent on the losing party to overcome such presumption, since the denial of costs is in the nature of a penalty." Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir. 1980). Any objections to the Clerk of Court's bill of costs must be filed within five days, or those objections are waived. Fed. R. Civ. P. 54(d); Bloomer v. United States, 337 F.3d 1220 (10th Cir. 2003). In this case, plaintiff filed a timely objection the Clerk of Court's denial of costs, and plaintiff's objection is properly before the Court.

**III.**

Plaintiff argues that he should be treated as a prevailing party for the purpose of awarding costs, because he prevailed on a significant issue before the Tenth Circuit. He claims that this Court has the authority to award costs under Fed. R. App. P. 39(e). However, plaintiff ignores a critical factor, because he has not shown that the Tenth Circuit authorized an award of costs under Fed. R. App. P. 39(a). The Court need not consider whether plaintiff is a prevailing party if the Court lacks authority to award appeal-related costs under Rule 39(a).

The Federal Rules of Appellate Procedure govern the award of costs for appeal-related expenses. Republic Tobacco Co. v. North Atlantic Trading, Co., 481 F.3d 442 (7th Cir. 2007);

Johnson v. Pacific Lighting Land Co., 878 F.2d 297 (9th Cir. 1989). Rule 39(a) permits an award of appellate costs under the following circumstances:

> (1) if an appeal is dismissed, costs are taxed against the appellant, unless the parties agree otherwise;
>
> (2) if a judgment is affirmed, costs are taxed against the appellant;
>
> (3) if a judgment is reversed, costs are taxed against the appellee;
>
> (4) if a judgment is affirmed in part, reversed in part, or vacated, costs are taxed only as the court orders.

This case falls under the fourth category, because the Tenth Circuit affirmed in part and remanded with instructions for further proceedings. When the appellate court's decision does not provide final closure to the case, the appellate court only retains discretion to award appeal-related costs. Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp., --- F.3d ---, 2007 WL 2323941, at *2 (8th Cir. 2007); Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Assoc., 117 F.3d 1328, 1340 (11th Cir. 1997). However, the successful party on appeal may apply for reimbursement of costs taxable in the district court. Clark v. Colorado Dep't of Corrections, 2007 WL 1666652, at *3 (10th Cir. June 11, 2007) (unpublished).[3]

The Tenth Circuit's opinion in this case was silent as to appellate costs and, therefore, this Court does not have authority to award appellate costs. See Reeder-Simco GMC, 2007 WL 2323941 at *3 (appellate court must expressly authorize costs under Fed. R. App. P. 39(a)(4) before district court can award appellate costs); Conway Groves, Inc. v. Coopers & Lybrand, 158 F.R.D. 505, 506-07 (M.D. Fla. 1994) ("[b]ecause this case was affirmed in part and vacated in part, costs other than those ordered by the Circuit Court cannot be taxed by or against either party."). Plaintiff cites two

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

cases to support his argument that this Court has authority to award appellate costs when the appellate court partially affirms and partially denies an ERISA claimant's appeal. Quinn v. Blue Cross & Blue Shield Assoc., 161 F.3d 472 (7th Cir. 1998); Rekstad v. First Bank Sys., Inc., 1999 WL 33263930 (D. Colo. July 6, 1999) (unpublished). However, those cases do not support plaintiff's argument that this Court, without authorization from the Tenth Circuit, can award appellate costs. In Rekstad, the district court considered only whether to award costs related to proceedings in the district court. Rekstad, 1999 WL 33263930 at *1-3. The appeal was still pending before the Tenth Circuit, and appellate costs were not at issue in Rekstad. Id. at *1. In Quinn, the Seventh Circuit reviewed whether the district court properly assessed costs for proceedings in the district court, and Quinn does not even address an award of appellate costs. Quinn, 161 F.3d at 478-79.

Plaintiff has not provided any authority showing that this Court has the authority to award appeal-related costs in cases falling under Fed. R. App. 39(a)(4). Plaintiff was partially successful on appeal, because the Tenth Circuit ordered this Court to remand the case to LINA. However, the Tenth Circuit affirmed this Court's decision to deny plaintiff's motion for reconsideration. This is not a case when costs are automatically assessed against the unsuccessful party on appeal under Rule 39(a), and the Tenth Circuit did not award costs in its mandate. See Golden Door, 117 F.3d 1328 ("Rather, in cases where this court's determination does not produce closure, we must determine the relief to which the parties are entitled. Where this court's order fails to explicitly grant a class of costs, we must interpret that silence as a rejection of those costs.") The Court would be exceeding its authority to award appeal-related costs when the Tenth Circuit has not expressly authorized those

5

costs under Fed. R. App. P. 39(a)(4). Thus, the plaintiff's appeal-related costs were properly denied by the Clerk of Court.

In addition to the Court's lack of authority to award appeal-related costs under Fed. R. App. P. 39, the Court finds that it would be premature to award costs for proceedings before this Court. In a recent decision, the Tenth Circuit emphasized that a remand of an ERISA case to the plan administrator for further proceedings is not a final decision on the merits. Graham v. Hartford Life & Accident Ins. Co., --- F.3d ---, 2007 WL 2405264 (10th Cir. 2007). There, the Tenth Circuit vacated the district court's denial of attorney fees because that issue was not ripe for adjuciation, id. at *7-8, noting that any determination of prevailing party status was premature because there was no way to know whether or not the plan administrator would award benefits.[4] Id. at *8. In this case, plaintiff's claim for LTD benefits has been remanded to the plan administrator to determine whether travel was an essential job duty for plaintiff's position and, due to presence of ongoing litigation, the Court can not determine which party is the prevailing party. Rule 54(d) expressly limits an award of costs to the prevailing party. McInnis v. Fairfield Communities, Inc., 458 F.3d 1129 (10th Cir. 2006). To the extent that plaintiff seeks costs for proceedings in this Court, his bill of costs is not ripe for adjudication. The Clerk of Court's denial of costs for proceedings before this Court is vacated, and the bill of costs is dismissed to the extent that plaintiff seeks costs for district court proceedings.

---

[4] In Graham, the Tenth Circuit noted that a motion for attorney's fees and costs may be ripe for adjudication when a claim is remanded to the plan administrator if the plaintiff can show egregious or systematic violations of ERISA procedures. Id. at 8. Plaintiff has made no such allegations in this case, and this exception to the ripeness doctrine in ERISA cases is not applicable.

**IT IS THEREFORE ORDERED** that Plaintiff's Appeal of Clerk's Taxation of Costs (Dkt. # 63) is **denied in part** (as to appeal-related costs) and **dismissed in part** (as to district court costs).

**DATED** this 30th day of August, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT