UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KURT ANTHONY BISHOP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-0031-CVE-SAJ |
| | ) | |
| **LONG TERM DISABILITY INCOME** | ) | |
| **PLAN OF SAP AMERICA, INC.,** an | ) | |
| **ERISA qualified plan administered by** | ) | |
| **SAP AMERICAN, INC., LIFE** | ) | |
| **INSURANCE COMPANY OF NORTH** | ) | |
| **AMERICA, and CIGNA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Require Plan Administrator to Notify Claimant of Review Procedures and for Immediate Benefit Determination (Dkt. # 83). Plaintiff claims that the plan administrator of his disability insurer, Life Insurance Company of North America ("LINA"), has refused to notify plaintiff of the procedures for review of his claim on remand or promptly rule on his claim for benefits.

### I.

Plaintiff Kurt Bishop ("Bishop") was hired by SAP America, Inc. ("SAP") as a technology consultant in 1994. Bishop's health declined over the next seven years and, in January 2001, SAP accommodated Bishop's medical conditions by permitting him to serve as a remote consultant. As a remote consultant, Bishop could work from home and he did not need to travel as part of his job. SAP eliminated this position in July 2001, and Bishop submitted a claim for disability benefits to the Long Term Disability Income Plan of SAP America, Inc. ("the Plan"). Bishop's initial claim

for short term disability ("STD") benefits was approved on October 25, 2001. Bishop's STD benefits turned into long term disability ("LTD") benefits on February 21, 2002.

In 2003, Bishop's primary physician, Kenneth W. Piper, M.D., found that Bishop's health was improving and he recommended that Bishop be cleared to perform a sedentary occupation. After reviewing updated medical records, LINA terminated Bishop's LTD benefits, because he was not "totally disabled" under the Plan. Bishop argued that an essential part of his occupation was travel, and he could not engage in travel with his medical conditions. LINA relied on a job description for a technology consultant provided by the Department of Labor's Dictionary of Occupational Titles ("DOT"), and concluded that travel was not an essential part of plaintiff's occupation. Bishop internally appealed LINA's decision to terminate his LTD benefits. However, he failed to produce the supplemental records requested by LINA, and his appeal was denied.

On January 14, 2004, Bishop filed a claim in this Court under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). The Court affirmed LINA's decision denying Bishop's claim for continued LTD benefits, and found that LINA's application of DOT's job description was reasonable. Bishop appealed this Court's decision to the Tenth Circuit Court of Appeals. The Tenth Circuit vacated and remanded the case with instructions "to remand to LINA for further proceedings." Dkt. # 51, at 10. In compliance with the Tenth Circuit's mandate, this Court vacated its judgment and remanded the case "for further proceedings to address whether travel was an essential duty of plaintiff's employment and to consider the effect of job stress on plaintiff's ability to perform the essential duties of [plaintiff's] job." Dkt. # 52, at 1.

Plaintiff's counsel, specifically Jessica Rainey ("Rainey"), sent an e-mail to LINA's counsel on June 14, 2007 requesting notification of what procedures LINA would use on remand. Plaintiff's

counsel also stated that plaintiff had additional information relevant to the issues addressed in the Tenth Circuit's opinion, and plaintiff's counsel asked about the proper procedures to supplement the administrative record on remand. Dkt. # 83, Ex. B. LINA's attorney, James R. Polan ("Polan"), had previously scheduled a personal vacation, and did not respond to plaintiff's request immediately. Polan met another of plaintiff's attorneys, Tom Hillis ("Hillis"), at the Tulsa County District Court on June 28, 2007, and advised Hillis that LINA was attempting to set up a conference with SAP to discuss whether travel was part of plaintiff's job duties. However, Polan was having difficulty coordinating a meeting with SAP because SAP's counsel, Anthony Gallia ("Gallia"), was imminently expecting his wife to go into labor.

Plaintiff's counsel states that she sent her fourth request for notification of procedures to LINA's counsel on July 31, 2007, but plaintiff's counsel declined to provide supplemental documents until LINA's counsel notified her of the review procedures. Id., Ex. C, at 1. LINA's counsel left a voice mail message for plaintiff's counsel on the same day, and he personally offered to accept submission of any new documents from plaintiff that were relevant to the issues on remand. Although not specifically outlined in the documents provided by the parties, it appears that the parties had been disputing the scope of procedures on remand. LINA interpreted the Tenth Circuit's decision and this Court's remand order to require a limited administrative proceeding on the two issues specifically addressed by the remand order, but plaintiff was treating the remand as an opportunity to review his entire claim for LTD benefits.

The parties exchanged further e-mails about the process for supplementing the administrative record, and LINA's counsel set a deadline of August 30, 2007 for plaintiff to submit additional

documents. LINA's counsel advised Hillis that LINA would proceed with its review of plaintiff's claim for LTD benefits as follows:

> [A]fter receiving your client's information, LINA will proceed to make a timely determination on the specific issues raised on remand; if such determination is in the form of a denial, you will be advised in writing of the basis for that denial, and you will be advised in writing of Mr. Bishop's opportunity for administrative appeal; the [administrative record] will also be supplemented by relevant documentation.

Dkt. # 86, Ex. G, at 1. When plaintiff's counsel submitted the supplemental documentation to LINA, plaintiff's submission consisted of a single affidavit from Bishop describing his job duties. LINA's counsel accepted the affidavit and forwarded it to LINA for consideration. LINA had anticipated, based on the representations of plaintiff's counsel, that plaintiff would provide documents generated by SAP that would be relevant to LINA's determination of plaintiff's job duties.

Even though plaintiff had provided his supplemental information, the parties continued to disagree about the proper procedures for review of plaintiff's claim on remand. Plaintiff asserted that he was entitled to an "initial determination" of his benefits claim after remand, but LINA intended to treat plaintiff's claim in a manner more similar to an appellate review. The parties exchanged e-mails and letters throughout September and October 2007 discussing LINA's procedures on remand and plaintiff's frustration with LINA's alleged failure to clearly identify the procedures that would be utilized to review plaintiff's claim.

On October 19, 2007, plaintiff filed a motion asking the Court to "require LINA to notify Bishop of the review procedures and to immediately make a determination." Dkt. # 83, at 5. Plaintiff supplemented this motion with an e-mail from LINA's counsel to Hillis stating:

> I have checked with my client, and it is my understanding that LINA has reached a final determination with regard to Mr. Bishop's actual job duties at the time of

4

> employment termination, and the matter is currently undergoing medical review with regard to the second part of th court's order -- i.e., the effect of stress, in any, on Mr. Bishop in performing those job duties. I am told that this review should be completed in the next two (2) weeks and the finding on both matters should issue shortly thereafter.

Dkt. # 85, Ex. A. LINA has filed a response alleging that plaintiff is largely responsible for any delay in the review of his claim, because he failed to submit his supplemental documentation in a timely manner.

## II.

The parties have raised many collateral issues to the relief requested by plaintiff, and both parties are responsible for making a relatively simple matter, notification of claims procedures, into a full-blown dispute requiring court intervention. To be clear, the Court is ruling solely on plaintiff's right to be notified of the applicable procedures on remand and his request for an immediate determination of benefits. Although there appears to be a significant dispute about the scope of LINA's review on remand, that issue is not before the Court. LINA's procedures for reviewing plaintiff's claim are governed by the terms of the Plan, ERISA, and its accompanying regulations and, if plaintiff is dissatisfied with the scope of LINA's review, he may raise that issue with this Court if LINA denies his claim on remand.

The parties agree that this Court's ruling in <u>Henry v. Principal Life Insurance Co.</u>, 2006 WL 1967374 (N.D. Okla. July 12, 2006), provides guidance on a federal district court's role in supervising the remand of an ERISA claim. In <u>Henry</u>, the Court the described a plan administrator's obligations on remand:

> Plaintiff requests that the Court require Principal to conduct an expedited administrative review on the issue of her long term disability coverage. Plaintiff does not offer any case law to support her request for expedited review or for limitations on the review process. The Court has already limited remand to the issue

> of insurance coverage, and has not ordered a full administrative review of Principal's decision to deny plaintiff continuing benefits. Under 29 U.S.C. § 1133(2), the plan is required to conduct a "full and fair review" after a denial of benefits, and the Secretary of Labor has promulgated regulations that provide a detailed list of a claimant's procedural rights during the review process. See 29 C.F.R. § 2560.503-1; Tolle v. Carroll Touch, Inc., 23 F.3d 174, 180 (7th Cir. 1994). These regulations prevent a plan administrator from conducting open-ended review of claims and specify time periods that must be followed when a claimant appeals or asks for reconsideration of a benefits decision. See Estate of Bratton v. Nat. Union Fire Ins. Co., 215 F.3d 516, 523 (5th Cir. 2000). There is no statutory or common law that grants this Court authority to control the manner of review on remand, and plaintiff's request for an expedited time frame for review is denied.
>
> The sole issue on remand is whether plaintiff was insured for long term disability benefits. Principal must offer the plaintiff the full range of administrative procedures available under its plan, and plaintiff must exhaust whatever remedies are available on this issue. Whitehead v. Oklahoma Gas & Electric Co., 187 F.3d 1184, 1190 (10th Cir. 1999); McGraw v. Prudential Ins. Co. of America, 137 F.3d 1253, 1263 (10th Cir. 1998). The Court's order did not impose a specific burden on either party, except to follow the procedural requirements of ERISA and prepare a complete administrative record on the existence of insurance coverage.

Id. at *3. LINA has interpreted Henry to require a limited review of the specific issues noted in the Court's remand order only. It argues that it has notified plaintiff of the procedures on remand by citing Henry and informing plaintiff that LINA's review of his claim would be limited to the issues of (1) whether travel was an essential part of his job duties and (2) the effect of job stress on Bishop's abilities to perform his job.

The Tenth Circuit has held that district courts can review a party's compliance with a remand order in an ERISA case and enforce the remand order. Metzger v. UNUM Life Ins. Co. of America, 151 Fed. Appx. 648, 652 (10th Cir. 2005).[1] A district court does not have unlimited authority to control remand proceedings, but the district court possesses ancillary jurisdiction to enforce the

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

6

terms of its remand order. Id. In this case, plaintiff's request for notification of LINA's procedures on remand falls within the scope of the Court's remand order. Without notification of LINA's procedures, plaintiff can not be expected to meaningfully participate in the review of his claim. While there is no evidence that LINA or its counsel has acted in bad faith, LINA has not clearly informed plaintiff of the procedures it is using to review his claim. LINA's reliance on Henry is too vague to inform plaintiff of the specific procedures on remand, such as the standard of review LINA will be using, what evidence it will consider, and what appellate remedies plaintiff LINA will provide plaintiff if it initially denies his claim. This has contributed to the delay in the review of plaintiff's claim, and plaintiff's frustration with the remand process is understandable.

However, plaintiff is not without blame for the prolonged review of his claim on remand. Plaintiff notified LINA's counsel on June 14, 2007 that he had additional information that he wished to submit for LINA's consideration on remand, but he did not provide this information to LINA until the end of August 2007. Out of courtesy to plaintiff, LINA waited for plaintiff to provide his supplemental documentation in order to consider all of plaintiff's evidence when it ruled on plaintiff's claim for LTD benefits. After two and a half months of waiting, plaintiff submitted an affidavit, signed by plaintiff on August 21, 2007, explaining his understanding of his job duties. The affidavit was not accompanied by any other documents and, if this was the information plaintiff intended to submit, it is not clear why he did not provide this information to LINA in a more timely fashion. Although plaintiff cites LINA's failure to identify the review the procedures as the cause of his delay in providing additional information, it is clear that plaintiff's actions contributed to the delay.

Concerning plaintiff's request for an immediate determination on his remanded claim for LTD benefits, the Court orders that LINA must issue its initial determination on the two remanded issues within 60 days of this Opinion and Order. See Metzger, 151 Fed. Appx. at 652 (district court can place time restrictions on plan administrator's review of remanded ERISA claim). This case was remanded to LINA on June 5, 2007 and LINA has not yet reached its initial determination on the two discrete issues for which the case was remanded. However, plaintiff's failure to submit supplemental documentation in a timely manner has contributed to the delay. The 60 day time limit is intended to protect plaintiff by preventing an open-ended review of his claim without punishing LINA for any delay caused by plaintiff's actions during the review process.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Require Plan Administrator to Notify Claimant of Review Procedures and For Immediate Benefit Determination (Dkt. # 83) is **granted**. LINA is ordered to notify plaintiff in writing of the procedures it will use to review his claim for LTD benefits on remand no later than **November 20, 2007**. LINA must issue its initial determination on the two remanded issues no later than **January 15, 2008**.

**DATED** this 15th day of November, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT