UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KURT ANTHONY BISHOP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 04-CV-0031-CVE-PJC |
| | ) | |
| **LONG TERM DISABILITY INCOME** | ) | |
| **PLAN OF SAP AMERICA, INC., an** | ) | |
| **ERISA qualified plan administered by** | ) | |
| **SAP AMERICAN, INC., LIFE** | ) | |
| **INSURANCE COMPANY OF NORTH** | ) | |
| **AMERICA, and CIGNA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Application for Contempt Citation (Dkt. # 90). Plaintiff asserts that defendant Life Insurance Company of North America ("LINA") has willfully violated the Court's November 15, 2007 opinion and order (Dkt. # 88) ("the Order"). LINA responds that it attempted to comply with the Court's Order in good faith, and plaintiff has not carried his burden to show LINA's lack of compliance by clear and convincing evidence.

**I.**

Plaintiff Kurt Bishop ("Bishop") originally filed this case on January 14, 2004, and an overview of the case is necessary to understand the current dispute between the parties. Beginning in 1994, Bishop was employed as a technology consultant by SAP America, Inc. ("SAP"). Bishop's health began to deteriorate and, in January 2001, SAP accommodated Bishop's medical conditions by permitting to work as a remote consultant. Bishop alleges that, as a remote consultant, he could work from home and he was not required to travel as an essential part of his job. In July 2001, Bishop asserts that SAP terminated his position as a remote consultant and, due to his health, he

could no longer work as a technology consultant for SAP. Bishop filed a claim for disability benefits with the Long Term Disability Income Plan of SAP America, Inc. ("the Plan").[1] Bishop's claim for short term disability ("STD") benefits was approved on October 25, 2001, and his STD benefits converted into long term disability ("LTD") benefits on February 21, 2002. However, LINA periodically reevaluated Bishop's eligibility for benefits to determine if he was still disabled under the Plan. LINA terminated Bishop's LTD benefits on September 25, 2003, because it determined that he was no longer "totally disabled" under the Plan.

On January 14, 2004, Bishop filed a claim in this Court under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101 et seq. ("ERISA"). The Court affirmed LINA's denial of plaintiff's claim for LTD benefits, and Bishop appealed to the Tenth Circuit Court of Appeals. The Tenth Circuit vacated this Court's judgment and remanded the case with instructions "to remand to LINA for further proceedings." Dkt. # 51, at 10. In compliance with the Tenth Circuit's mandate, this Court vacated its judgment in favor of LINA and remanded the case to LINA "for further proceedings to address whether travel was an essential duty of plaintiff's employment and to consider the effect of job stress on plaintiff's ability to perform the essential duties of his job." Dkt. # 52, at 1.

The remand of plaintiff's ERISA claim has not gone smoothly. Bishop wished to submit additional information for consideration on remand, and LINA allowed plaintiff to supplement the record with new information on the two remanded issues. However, it took over two and a half months for plaintiff to supply the information and the supplemental information, an affidavit from plaintiff describing his job duties, was not what LINA expected. LINA informed plaintiff that it

---

[1] LINA is the plan administrator and the insurer of the Plan.

would limit its review to the two issues identified in the remand order, but plaintiff requested a full review of his claim for LTD benefits. After almost six months of disputes, plaintiff requested judicial intervention in the remand process. Plaintiff requested a court order requiring LINA to send plaintiff written notice of the procedures on remand and ordering LINA to issue a determination on the remanded issues immediately. Dkt. # 83, at 3-4. LINA responded that it had notified plaintiff of the procedures on remand and that any delay was caused by plaintiff's failure to submit his supplemental information in a timely manner.

The Court issued an opinion and order on November 15, 2007 granting plaintiff's motion but, at the same time, taking both parties to task "for making a relatively simple matter . . . into a full-blown dispute requiring court intervention." Dkt. # 88, at 5. Although plaintiff's motion took issue with the scope of LINA's review on remand, the Court clearly stated that it was not addressing the scope of review. The Court found that both parties shared responsibility for any delay, but the Court agreed with plaintiff that LINA had not properly identified the procedures it would apply on remand. Id. at 7. The Court also imposed a 60 day time limit on LINA's review of plaintiff's remanded claim for LTD benefits. The operative language of the Order provides:

> LINA is ordered to notify plaintiff in writing of the procedures it will use to review his claim for LTD benefits on remand no later that **November 20, 2007**. LINA must issue its initial determination on the two remanded issues no later that **January 15, 2008**.

Id. at 8 (emphasis in original).

LINA filed a notice of compliance (Dkt. # 89) on November 21, 2007 stating that it had fully complied with the Order. The notice of compliance stated:

> 1.   LINA hereby certifies that on November 20, 2007, a notification of the administrative procedures to be followed on remand was sent by facsimile to Plaintiff's counsel of record, and was also sent by first class mail on that same date;

3

>   2. On November 14, 2007, a letter setting forth LINA's final determination on the remanded issues was sent by first class mail to Plaintiff's attorney of record.

Dkt. # 89, at 1. LINA denied plaintiff's claim for LTD benefits on November 9, 2007, but it did not mail the denial letter to plaintiff's counsel until November 16, 2007. The letter explaining the procedures used by LINA when reviewing plaintiff's claim was sent to plaintiff by mail on November 19, 2007 and by facsimile on November 20, 2007.[2] Plaintiff filed a response to LINA's notice of compliance taking issue with LINA's claim that it had complied with the Order. Plaintiff pointed out that LINA issued a final determination rather than an initial determination and that LINA notified plaintiff of the procedures after it issued its decision on the two remanded issues.

Plaintiff has filed an application for contempt citation (Dkt. # 90) arguing that LINA should be held in contempt for violating the Order. Plaintiff asks the Court to find that "LINA's latest determination was arbitrary and capricious and award Bishop his fees and costs." Dkt. # 90, at 5. In addition, he asks the Court to enter judgment in favor of plaintiff on his ERISA claim because "LINA is ignoring its obligations under the Order, ERISA and the pertinent regulations." Id. Defendant responds that it "made a reasonable interpretation of this Court's [Order] and has acted on those reasonable interpretations to substantially comply with that Order." Dkt. # 92, at 15. LINA also asks the Court to sanction plaintiff's counsel for filing an application for a contempt citation without first attempting to resolve the dispute with LINA's counsel.

**II.**

---

[2] The dates provided in LINA's notice of compliance (Dkt. # 89) are incorrect. The Court has reviewed the letters and, when possible, the envelopes to determine the correct dates.

Federal district courts have jurisdiction, even after a case is closed, to enforce their orders and judgments and, in appropriate circumstances, a court may issue a contempt citation for a party's failure to comply with a court order. Peacock v. Thomas, 516 U.S. 349 (1996). The contempt at issue in this case is civil in nature, because the contempt sanction sought by plaintiff "is remedial, and for the benefit of the [plaintiff]." Int'l Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 827 (1994) (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 441 (1911)). Civil contempt sanctions "are designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." Id. at 827.

A district court has broad discretion when determining whether a party's violation of a court order justifies the use of a court's contempt power. United Int'l Holdings, Inc. v. The Wharf (Holdings) Ltd., 210 F.3d 1207 (10th Cir. 2000). District courts have the authority to impose civil contempt sanctions in two circumstances: "(1) to compel or coerce obedience to a court order . . . and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance [with a court order]." O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992). In order to prevail on a motion for civil contempt, the plaintiff must prove by clear and convincing evidence that the defendant violated a court order. FTC v. Kuykendall, 371 F.3d 745 (10th Cir. 2004); Reliance Ins. Co. v. Mast Constr. Co., 159 F.3d 1311, 1315 (10th Cir. 1998). Any ambiguities in the order that the moving party alleges has been violated should be construed in favor of the person charged with violating the order, and a party may avoid a civil contempt sanction by showing that it "complied with a reasonable interpretation of the [order] and if the [party's] actions appears to be based on a good faith and reasonable interpretation of the

order." Braintree Laboratories, Inc. v. Nephro-Tech, Inc., 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000).

**III.**

Plaintiff bases his application for contempt citation on his allegation that LINA has "blatantly disregard[ed]" the Order by issuing a final determination on plaintiff's remanded claim for LTD benefits without granting plaintiff any right to appeal LINA's determination and by failing to notify plaintiff of the procedures used to review his claim before LINA issued its decision. LINA responds that it attempted to comply with the Order in good faith and plaintiff's technical disputes with LINA's procedures do not show by clear and convincing evidence that LINA has violated the Order.

The first issue that must be addressed is plaintiff's assertion that the Court should find that LINA's actions were arbitrary and capricious and that the Court should enter judgment on his ERISA claim. On May 31, 2007, the Court remanded plaintiff's claim for LTD benefits to LINA for further proceedings and closed the case. Dkt. # 52, at 1. Consequently, plaintiff does not have an ERISA claim pending before this Court. In the Order, the Court noted that it had "ancillary jurisdiction to enforce the terms of its remand order." Dkt. # 88, at 7. However, the Court was clear that it would not rule on any issues going to the merits of plaintiff's ERISA claim. Id. at 5. While the Tenth Circuit has stated that a district court has ancillary jurisdiction to enforce its remand order in a ERISA case, a district court may not grant relief beyond the scope of the remand order itself. Metzger v. UNUM Life Ins. Co. of America, 151 Fed. Appx. 648, 652 (10th Cir. Oct. 6, 2005).[3] In

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

6

this case, the remand order simply identified two issues that must be considered by LINA on remand and the Court was clear that plaintiff's ERISA case, including his ERISA claim, was closed. Dkt. # 52. In connection with the application for a contempt citation, the remedies that can be imposed are limited to those remedies necessary to ensure LINA's compliance with the Order. Spallone v. United States, 493 U.S. 265, 634-35 (1990); O'Connor, 972 F.2d at 1211. The Court would clearly be exceeding the scope of its Order if it entered any finding as to the merits of plaintiff's ERISA claim or entered judgment in plaintiff's favor, and these remedies are not available as a contempt sanction.

Plaintiff argues that LINA willfully violated the Order by notifying him of the procedures after denying his claim for LTD benefits. Plaintiff focuses on language in the Order directing LINA to notify plaintiff of the procedures it "will use to review his claim for LTD benefits," and he argues that the Court's use of future tense required LINA to publish its procedures before issuing its decision. Dkt. # 88, at 8. LINA responds that it had nearly completed its review at the time the Order was entered, and it did not construe the Court's order to require it to set aside the administrative proceedings that had already occurred. In the Order, the Court cited an e-mail from LINA's counsel to plaintiff's counsel informing plaintiff that LINA had reached a decision concerning the alleged travel requirement of plaintiff's job and that LINA expected to issue a decision on both remanded issues within two weeks of the e-mail. Id. at 4-5. Clearly, the Court was aware of the state of the proceedings on remand and the Court did not order LINA to vacate the administrative proceedings that had already occurred. Although LINA technically violated the Court's order by notifying plaintiff of the procedures after issuing its decision, LINA believed that it was complying with the Order by expeditiously issuing a decision on plaintiff's claim for LTD

7

benefits. Plaintiff believes that LINA's procedures violated ERISA, federal regulations, and Tenth Circuit precedent. See 29 C.F.R. § 2560.503-1; Metzger v. UNUM Life Ins. Co. of America, 476 F.3d 1161, 1167 (10th Cir. 2007). However, plaintiff's argument goes to the merits of his ERISA claim and, in order for the Court to consider this issue, plaintiff must reopen his case.

Plaintiff claims that LINA violated the Order by issuing a final determination rather than an initial determination, because this deprived plaintiff of any right to appeal LINA's adverse ruling on plaintiff's claim for LTD benefits. It is clear that plaintiff's dispute with LINA on this issue does not actually concern the denomination of LINA's decision as initial or final but, rather, the availability of an internal administrative appeal. Plaintiff has not cited any language from the Plan or any legal authority showing that he was entitled to an appeal of LINA's decision on remand. Although the Court required LINA to issue an "initial" determination within 60 days, the Court did not expressly or impliedly require LINA to provide plaintiff an internal appellate remedy. Rather, the Court was trying to balance need for a timely determination on remand without punishing LINA for any period of delay caused by plaintiff. See id. at 8 ("The 60 day time limit is intended to protect plaintiff by preventing an open-ended review of his claim without punishing LINA for any delay caused by plaintiff's actions during the review process."). The Court did not foreclose the possibility of an administrative appeal, but nothing in the Order required LINA to provide an appeal. LINA complied with the deadline in the Order for issuing its decision on remand and, even though LINA has not permitted plaintiff to appeal its decision, plaintiff has not shown that LINA's refusal to allow plaintiff to appeal the adverse decision violated the Order.

The Court finds that a contempt citation against LINA is not appropriate under the circumstances, because plaintiff has not shown by clear and convincing evidence that LINA violated

the Order. As the Court has previously noted, both parties share responsibility for the delay of the remand proceedings and, if plaintiff had not twice sought judicial intervention, it is likely that the remand would be completed.[4] Plaintiff has been informed of the procedures used by LINA, and it does not appear that reopening the administrative proceedings would cause LINA to reach a different result. Even if the Court were to direct a reopening of the administrative proceedings, it appears this would be futile and simply delay the proceedings further.[5] Although plaintiff has raised legitimate questions about LINA's procedures, he has not carried his burden to show that LINA should be held in contempt nor would his proposed remedies address the alleged violations of the Order that he has identified. Civil contempt is a severe remedy that should be used only when absolutely necessary, and plaintiff has not shown that this is such a situation. See NLRB v. Shurtenda Steaks, Inc., 424 F.2d 192 (10th Cir. 1970) ("Civil contempt is an appropriate remedy for the enforcement of a judicial decree, but it is a severe one which should be used only when necessary to sustain the authority of the court.").

---

[4] LINA asserts that plaintiff's counsel should have contacted LINA before applying for a contempt citation as a matter of civility. Plaintiff's counsel misconstrues LINA's discussion of this issue as a criticism of plaintiff's counsel for violating a legal requirement to contact LINA before filing this motion. LINA has not claimed that plaintiff's counsel violated any legal or ethical requirements, nor does the Court find that plaintiff's counsel has engaged in unethical conduct. However, LINA has made a valid point that the parties could have discussed the issues raised in plaintiff's motion before he sought judicial intervention and, of course, the Court encourages the parties to attempt to resolve disputes without seeking a court ruling.

[5] Plaintiff seeks attorney fees as a contempt remedy, but it is not clear whether he seeks attorney fees and costs for the entire administrative proceedings or this motion alone. Dkt. # 90, at 5. Defendant also requests attorney fees for defending against plaintiff's application for contempt citation. Dkt. # 91, at 16. To the extent that either party requests attorney fees, those requests are denied. Plaintiff's perception that the administrative proceedings were unfair is not entirely without merit; however, he has not carried his burden to prove by clear and convincing evidence that LINA relied on an unreasonable reading of the Order.

**IT IS THEREFORE ORDERED** that plaintiff's Application for Contempt Citation (Dkt. # 90) is **denied**.

**DATED** this 16th day of January, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT