UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KURT ANTHONY BISHOP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LONG TERM DISABILITY INCOME ) <br> PLAN OF SAP AMERICA, INC., an ) <br> ERISA qualified plan administered by ) <br> SAP AMERICAN, INC.,  LIFE ) <br> INSURANCE COMPANY OF NORTH ) <br> AMERICA, and CIGNA, ) <br> ) <br> Defendants. ) | Case No. 04-CV-0031-CVE-PJC |

## OPINION AND ORDER

Now before the Court are the following motions: Plaintiff Kurt Anthony Bishop's Motion to Clarify Deadline for Administrative Record (Dkt. # 109); Plaintiff Kurt Anthony Bishop's Motion to Strike Additional Documents Added to Administrative Record and Motion to Strike All Current Scheduled Deadlines (Dkt. # 118); and the Agreed Application for Extension of Time to File Opening ERISA Briefs (Dkt. # 120). Plaintiff asks the Court to exclude any evidence that was not part of the administrative record at the time that defendant Life Insurance Company of North America ("LINA") originally denied his claim for long term disability ("LTD") benefits in 2003, except for supplemental evidence provided by plaintiff. LINA responds that the administrative record should consist of all evidence before the plan administrator when it made and issued its final decision in November 2007 following remand from the Tenth Circuit Court of Appeals. The parties have filed a joint motion to strike the deadlines in the ERISA scheduling order (Dkt. # 107) until the Court rules on plaintiff's pending motions to strike exhibits from the administrative record.

**I.**

Plaintiff Kurt Anthony Bishop ("Bishop") filed this case under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Beginning in July 1994, SAP America, Inc. ("SAP") employed Bishop as a technology consultant. In January 2001, Bishop developed health problems that interfered with ability to travel and SAP accommodated Bishop by permitting him to work as a non-traveling technology consultant. Approximately six months later, SAP eliminated Bishop's position and terminated his employment. He filed a claim for disability benefits with the Long Term Disability Income Plan of SAP America, Inc. ("the Plan"). The Plan administrator, LINA, awarded Bishop short-term disability benefits and later approved Bishop's claim for LTD benefits. LINA periodically requested updates on Bishop's health and later determined that he was no longer eligible for LTD benefits based on new evidence provided by his treating physician. LINA terminated Bishop's LTD benefits and Bishop filed an administrative appeal of the denial. LINA upheld its decision to terminate Bishop's LTD benefits and informed Bishop that he had exhausted his internal remedies.

Bishop filed an ERISA claim in this Court challenging LINA's termination of his LTD benefits. The Court found that LINA's decision to terminate benefits was not arbitrary and capricious. Bishop appealed this Court's decision to the Tenth Circuit. The Tenth Circuit remanded the case "for further proceedings addressing whether travel was an essential job duty for Bishop's technology consultant position at the time of his termination" and "the effect job stress would have on Bishop's ability to perform all the essential duties of his job." Dkt. # 51, at 8-9. The Tenth Circuit considered whether the administrative record was sufficiently developed on these issues to make remand unnecessary, but found that the administrative record did not contain enough evidence

to "conclusively determine" whether travel was an essential part of Bishop's job. Id. at 6. The administrative record contained a job description stating that travel was an essential duty of Bishop's position, but the evidence was unclear as to whether SAP's accommodation of the travel requirement was temporary or permanent. Id. at 7-8. Due in part to the lack of evidence in the administrative record supporting LINA's decision, the Tenth Circuit remanded Bishop's claim for further proceedings.

On June 5, 2007, the Court vacated its judgment in favor of LINA and remanded the case "for further proceedings to address whether travel was an essential duty of plaintiff's employment and to consider the effect of job stress on plaintiff's ability to perform the essential duties of his job." Dkt. # 52. On October 19, 2007, Bishop filed a motion (Dkt. # 83) requesting immediate notification of LINA's procedures on remand, because LINA had not notified Bishop of the procedures or a proposed time frame for a decision. The Court found that much of the delay was caused by Bishop's request to submit supplemental documentation and that Bishop failed to produce his supplemental evidence in a timely manner. Dkt. # 88, at 7. The Court noted that:

> [P]laintiff is not without blame for the prolonged review of his claim on remand. Plaintiff notified LINA's counsel on June 14, 2007 that he had additional information that he wished to submit for LINA's consideration on remand, but he did not provide this information to LINA until the end of August 2007. Out of courtesy to plaintiff, LINA waited for plaintiff to provide his supplemental documentation in order to consider all of plaintiff's evidence when it ruled on plaintiff's claim for LTD benefits.

Id. The Court ordered LINA to notify Bishop no later than November 20, 2007 of the procedures it would use to review his claim, and to issue an initial decision on the two remanded issues by January 15, 2008.

On November 9, 2007, LINA denied Bishop's claim for LTD benefits as to the two remanded issues, and notified him in a separate letter dated November 19, 2007 of the procedures it used. Bishop filed a motion for contempt on the ground that LINA had violated the Court's directive. As a sanction, he asked the Court to find that LINA acted arbitrarily and capriciously by denying his claim and asked the Court to enter judgment in his favor. The Court denied Bishop's motion for contempt because he had not shown by clear and convincing evidence that LINA violated a Court order. Dkt. # 100, at 8-9. In addition, the Court refused to consider plaintiff's arguments going to the merits of his ERISA claim.

## II.

Plaintiff asserts that LINA has violated the Tenth Circuit's mandate by supplementing the administrative record with "extrinsic" evidence, because LINA considered evidence that was not part of the original administrative record when it denied plaintiff's claim for LTD benefits on the two remanded issues. He claims that it would "undermine[] the very foundation of a full and fair review and due process" to supplement the administrative record with additional evidence on remand. Dkt. # 118, at 4. He has filed two motions addressing this same issue. First, he filed a motion to clarify (Dkt. # 109) the scheduling order in which he asked the Court to exclude any evidence that was not part of the original administrative record. While the motion to clarify was pending, plaintiff also filed a motion to strike (Dkt. # 118) additional documents in the administrative record and to strike the deadlines in the current scheduling order.

In this case, the Court entered a standard scheduling order for claims arising under ERISA. The scheduling order provided the parties one month to jointly submit the administrative record and both parties were ordered to simultaneously submit opening briefs 30 days later. Plaintiff claims

4

that the "limited amount of time between these two events" does not provide enough time for him to review "supplemental extrinsic materials contained in [the] Administrative Record" and prepare an opening brief. Dkt. # 109, at 2. He suggests that the updated administrative record will include "an Affidavit of Courtney DePeter; notes and documents of Alan Ey; and notes and documents of Robert N. Anfield, MD, JD." Id. To the extent that plaintiff objects to the scheduling order, plaintiff has been given the same amount of time to prepare an opening brief as any other ERISA plaintiff. The heart of plaintiff's dispute is not with the Court's scheduling order but, rather, he objects to the contents of the administrative record. Plaintiff's motion to strike documents is the appropriate motion to obtain the relief he seeks and his motion to clarify (Dkt. # 109) the Court's scheduling order is moot.

Plaintiff argues that any evidence that was not considered by LINA when it issued its original decision in 2003 is "extrinsic" evidence, and it should not be part of the administrative record in these proceedings. He suggests that the Tenth Circuit's decision did not expressly authorize supplementation of the administrative record and, if any party should be permitted to supplement the administrative record, plaintiff is the only party authorized to supplement the administrative record.[1] Plaintiff also asks the Court to sanction LINA for allegedly denying plaintiff a full and fair

---

[1] Plaintiff asserts that Tenth Circuit precedent permits only the ERISA claimant to supplement the administrative record on remand. See Dkt. # 109, at 6 (citing DeGrado v. Jefferson Pilot Fin. Ins. Co., 451 F.3d 1161, 1176 (10th Cir. 2006)). However, DeGrado does not create a general rule that a remand for "further proceedings" limits supplementation of the administrative record to evidence provided by the ERISA claimant. In DeGrado, the Tenth Circuit permitted the ERISA claimant to supplement the administrative record on remand, because the district court erroneously relied on supplemental evidence provided by plaintiff that had not been submitted to the plan administrator. Id. at 1169. In this case, all of the evidence in the administrative record has been reviewed by the Plan administrator and plaintiff has not provided any precedent that would limit supplementation to the ERISA claimant only under these circumstances.

5

review by "not allowing [LINA] to offer additional materials and documents."[2] LINA responds that the administrative record does not contain any extrinsic evidence, because all of the evidence in the administrative record was presented to the Plan administrator at the time it considered plaintiff's claim for disability benefits in November 2007.

The dispute in the case concerns the contents of the administrative record in an ERISA case remanded to the plan administrator for further proceedings. Under Tenth Circuit precedent, the administrative record should contain only the evidence before the plan administrator at the time it made the decision to deny benefits. Adamson v. Unum Life Ins. Co. of America, 455 F.3d 1209, 1214 (10th Cir. 2006); Nance v. Sun Life Assurance Co. of Canada, 294 F.3d 1263, 1269 (10th Cir. 2002); Sandoval v. Aetna Life & Cas. Ins. Co., 967 F.2d 377, 380 (10th Cir. 1992). This is a firmly established tenet of ERISA and neither party disputes this basic principle. However, the parties disagree about whether supplementation of the administrative record is appropriate following a remand for further proceedings on specific issues not addressed in the plan administrator's original decision.

When a court determines that a plan administrator's decision is arbitrary and capricious, a court may remand the case for further evaluation or award benefits. Flinders v. Workforce Stabilization Plan of Phillips Petroleum Co., 491 F.3d 1180, 1194 (10th Cir. 2007). "[I]f the plan administrator 'fail[ed] to make adequate findings or to explain the grounds of [its] decision,' the

---

[2] The Court notes that plaintiff provides no authority for his request to exclude evidence from the administrative record as a sanction for LINA's alleged wrongdoing. See Dkt. # 109, at 9; Dkt. # 118, at 9. Although violations of ERISA's procedural requirements may be a basis to modify the standard of review or to remand plaintiff's ERISA claim for further proceedings, the Court can find no legal authority supporting plaintiff's argument that evidence may be excluded from the administrative record to punish a plan administrator. Of course, plaintiff may address alleged procedural irregularities in his opening ERISA brief, but this is not a ground to exclude evidence from the administrative record.

proper remedy 'is to remand the case to the plan administrator for further findings or explanation.'" Degrado, 451 F.3d at 1175 (10th Cir. 2006) (quoting Caldwell v. Life Ins. Co. of North America, 287 F.3d 1276, 1288 (10th Cir. 2002)). On remand, a court may permit either party to supplement the administrative record. Buffonge v. Prudential Ins. Co. of America, 426 F.3d 20, 32 (1st Cir. 2005); Abram v. Cargill, Inc., 395 F.3d 882, 888 (8th Cir. 2005).

Plaintiff argues that the Tenth Circuit did not expressly remand the case for supplementation of the administrative record, and it would violate the Tenth Circuit's mandate to permit LINA to rely on evidence outside of the original administrative record. The Tenth Circuit found that LINA failed to address whether travel was an essential requirement of plaintiff's position and considered the evidence in the administrative record to determine if remand was necessary. It noted that the "only job description in the record states that extensive travel is an essential duty for the technology consultant job" but the evidence was insufficient to determine whether SAP's accommodation of this requirement was temporary or permanent. Dkt. # 51, at 7. This implies that the administrative record was inadequate on this issue. Likewise, the Tenth Circuit noted that the administrative record was devoid of evidence that LINA considered the effect of job stress on Bishop's ability to perform the essential duties of his job. Id. at 9, n.3.

Based on the parties' conduct, it appears that they interpreted the Tenth Circuit's decision to permit supplementation of the administrative record on remand. On June 14, 2007, plaintiff's counsel sent an e-mail to LINA's counsel asking about the procedures to supplement the administrative record. Dkt. # 83, Ex. B ("We have additional information of which we need to supplement LINA's information on the issues raised by the 10th Circuit Court and enumerated by Judge Eagan. Please let us know what the proper procedures are for supplementing LINA's

information and any deadlines we have for these procedures."). The parties disagreed about the scope of the Court's remand order and, on July 31, 2008, plaintiff's counsel sent an e-mail to defense counsel stating:

> This Order requires LINA to perform a full and fair review of "whether travel was an essential duty of plaintiff's employment and to consider the effect of job stress on plaintiff's ability to perform the essential duties of his job." Neither the Tenth Circuit's decision nor Order from the District Court made any findings as to whether the administrative record could be supplemented. If your client's position is neither party is allowed to supplement the administrative record, then we are to assume that LINA cannot supplement the record in any way for its determination of whether job stress affects Mr. Bishop's ability to perform the essential duties of his job. If this is so, then LINA has nothing in the record to examine regarding whether job stress affects Mr. Bishop.
>
> Lastly, it is our position that the Administrative Record necessarily includes all District Court and Tenth Circuit Records as well as all of our communications sans settlement. To hold otherwise would necessarily impair future District Court's appellate review of all proceedings regarding Mr. Bishop's claim for benefits.

Id., Ex. C, at 1. Plaintiff took the position that the administrative record included documents generated after LINA's original decision to deny his claim for LTD benefits, because the administrative record would be inadequate if the parties did not supplement the record on the remanded issues.

In this case, the Tenth Circuit remanded the case for further proceedings and did not expressly authorize supplementation of the administrative record. However, the Tenth Circuit's decision pointed out deficiencies with the administrative record and, on remand, the parties encountered problems caused by gaps in the administrative record. Under these circumstances, neither party has violated the Tenth Circuit's mandate by supplementing the administrative record on remand. Most importantly, the Plan administrator has considered all of the evidence in the administrative record and the Court finds no reason why it could not consider the entire

administrative record. See Flinders, 491 F.3d at 1190 ("In reviewing a plan administrator's decision, we may only consider the evidence and arguments that appear in the administrative record."). All of the evidence plaintiff disputes was reviewed by the Plan administrator and is part of the administrative record. Therefore, plaintiff's motion to strike documents from the administrative record should be denied.

**IT IS THEREFORE ORDERED** that Plaintiff Kurt Anthony Bishop's Motion to Clarify Deadline for Administrative Record (Dkt. # 109) is **moot**. Plaintiff Kurt Anthony Bishop's Motion to Strike Additional Documents Added to Administrative Record and Motion to Strike All Current Scheduled Deadlines (Dkt. # 118) is **granted in part** and **denied in part**. The Court hereby strikes the deadlines in the current ERISA scheduling order, but plaintiff's request to strike documents from the administrative record is denied.

**IT IS FURTHER ORDERED** that the Agreed Application for Extension of Time to File Opening ERISA Briefs (Dkt. # 120) is **granted**. The ERISA scheduling order is amended as follows:

        Simultaneous Submission of Opening Briefs:        May 30, 2008

        Simultaneous Submission of Response Briefs:        June 18, 2008

**DATED** this 1st day of May, 2008.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT